# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHANTAIL POLK, for herself and on behalf of her minor daughter, D'NIYA TONEY and DONNIE TONEY, | ) ) ) | |
| Plaintiffs, | ) ) | No.  19cv3756 |
| v. | ) ) ) | |
| C.P.O. ANDREW BRAUN, STAR #4076; C.P.O. ARTURO FONSECA, STAR #10739; C.P.O. SCOTT DIGRAZIA, STAR #10529; C.P.O. CRAIG LAIDLAW, STAR #17695; C.P.O. ROBERT E. GALLAS, STAR #17815; C.P.O. ARMANDO UGARTE, STAR #15050; C.P.O. SEAN S. BRANDON, STAR #18866; C.P.O. JOHN P. DOLAN, STAR #7722; C.P.O. ROBERT J. McCALLUM, STAR #15180; C.P.O. EDUARDO ALMANZA, STAR #15464; C.P.O. VERNON MITCHELL, JR., STAR #15580; C.P.O. DANIEL DeLOPEZ, STAR #15612; C.P.O. DAVID S. MAGANA, STAR #7098; C.P.O. EDMUND F. ZABLOCKI, STAR #7505; CHICAGO POLICE SGT. WALTER T. CHUDZIK, STAR #2273; C.P.O. JEFFREY W. JONES, JR., STAR #4933; C.P.O. GARY M. ANDERSON, STAR #6369; C.P.O. PATRICK McDONOUGH, STAR #14416; C.P.O. ADRIAN VIVANCO, STAR #17269; C.P.O. WARREN D. JOHNSON, STAR #17442; C.P.O. HUMBERTO G. GUTIERREZ, STAR#9690; CHICAGO POLICE SGT. ANGELO J. MONACO, STAR #1595; Individually and as Employees/Agents of the City of Chicago; and THE CITY OF CHICAGO, a Municipal Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Kennelly<br><br>Mag. Judge Harjani<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jury Demanded |
| Defendants. | ) ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COME the PLAINTIFFS, SHANTAIL POLK, for herself and on behalf of her minor daughter, D'NIYA TONEY and DONNIE TONEY, by their attorneys, THE LAW OFFICES OF JEFFREY J. NESLUND, complaining of the DEFENDANTS, CHICAGO POLICE OFFICERS ANDREW BRAUN, STAR #4076; ARTURO FONSECA, STAR #10739; SCOTT DIGRAZIA,

1

STAR #10529; CRAIG LAIDLAW, STAR #17695; ROBERT E. GALLAS, STAR #17815; ARMANDO UGARTE, STAR #15050; SEAN S. BRANDON, STAR #18866; JOHN P. DOLAN, STAR #7722; ROBERT J. McCALLUM, STAR #15180; EDUARDO ALMANZA, STAR #15464; VERNON MITCHELL, JR., STAR #15580; DANIEL DeLOPEZ, STAR #15612; DAVID S. MAGANA, STAR #7098; EDMUND F. ZABLOCKI, STAR #7505; SGT. WALTER T. CHUDZIK, STAR #2273; JEFFREY W. JONES, JR., STAR #4933; GARY M. ANDERSON, STAR #6369; PATRICK McDONOUGH, STAR #14416; ADRIAN VIVANCO, STAR #17269; WARREN D. JOHNSON, STAR #17442; HUMBERTO G. GUTIERREZ, STAR #9690; SGT. ANGELO J. MONACO, STAR #1595, individually and as employees/agents of the City of Chicago and THE CITY OF CHICAGO, a Municipal Corporation, and pleading in the alternative, state as follows:

## INTRODUCTION

1. This is an action for civil damages under 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFFS' constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b), because the facts that give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. PLAINTIFFS, SHANTAIL POLK, D'NIYA TONEY, a minor and DONNIE TONEY, are individuals who at all times relevant hereto were present in the Northern District of Illinois.

4. DEFENDANTS, CHICAGO POLICE OFFICERS ANDREW BRAUN, STAR #4076; ARTURO FONSECA, STAR #10739; SCOTT DIGRAZIA, STAR #10529; CRAIG LAIDLAW, STAR #17695; ROBERT E. GALLAS, STAR #17815; ARMANDO UGARTE,

2

STAR #15050; SEAN S. BRANDON, STAR #18866; JOHN P. DOLAN, STAR #7722; ROBERT J. McCALLUM, STAR #15180; EDUARDO ALMANZA, STAR #15464; VERNON MITCHELL, JR., STAR #15580; DANIEL DeLOPEZ, STAR #15612; DAVID S. MAGANA, STAR #7098; EDMUND F. ZABLOCKI, STAR #7505; SGT. WALTER T. CHUDZIK, STAR #2273; JEFFREY W. JONES, JR., STAR #4933; GARY M. ANDERSON, STAR #6369; PATRICK McDONOUGH, STAR #14416; ADRIAN VIVANCO, STAR #17269; WARREN D. JOHNSON, STAR #17442; HUMBERTO G. GUTIERREZ, STAR #9690; SGT. ANGELO J. MONACO, STAR #1595, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

**FACTUAL SUMMARY**

**October 17, 2017 – Arrest of Donnie Toney**

6. On October 17, 2017, DEFENDANT OFFICERS BRAUN, FONSECA, DEGRAZIA and LAIDLAW unlawfully detained and searched PLAINTIFF, DONNIE TONEY, in the vicinity of 6722 S. East End Avenue in Chicago.

7. DEFENDANT OFFICERS BRAUN, FONSECA, DEGRAZIA and LAIDLAW unlawfully detained and searched PLAINTIFF, DONNIE TONEY, despite the fact they did not have probable cause to believe he had committed or was going to commit a criminal offense.

3

8. DEFENDANT OFFICERS BRAUN, FONSECA, DEGRAZIA and LAIDLAW fabricated evidence against the PLAINTIFF TONEY in order to charge him with felony narcotic offenses in Cook County case number 17 CR 16956.

9. As a result of the DEFENDANT OFFICERS' misconduct, PLAINTIFF, DONNIE TONEY, was incarcerated and deprived of his liberty.

**March 6, 2018 - Search Warrant 18SW5316**

10. On and before March 6, 2018, PLAINTIFFS TONEY & POLK resided with their minor daughter, D'Niya Toney, in the basement apartment at 6748 S. Ridgeland Avenue in Chicago.

11. DEFENDANT OFFICER ROBERT E. GALLAS, STAR #17815, also the Affiant of the March 6, 2018 search warrant, along with DEFENDANT OFFICERS SEAN S. BRANDON, STAR #18866; JOHN P. DOLAN, STAR #7722; ROBERT J. McCALLUM, STAR #15180; EDUARDO ALMANZA, STAR #15464; VERNON MITCHELL, JR., STAR #15580; DANIEL DeLOPEZ, STAR #15612; DAVID S. MAGANA, STAR #7098; EDMUND F. ZABLOCKI, STAR #7505 (collectively referred to as "DEFENDANT OFFICERS from search warrant 18SW5316") were part of a team in the narcotics division of the Chicago Police Department under the supervision of DEFENDANT SGT. WALTER T. CHUDZIK, STAR #17689.

12. On or about March 6, 2018, DEFENDANT OFFICER GALLAS, STAR #17815 provided false and unreliable information to a Cook County Judge in order to obtain search warrant 18SW5316 for the basement apartment at 6748 S. Ridgeland Avenue.

13. DEFENDANT OFFICER GALLAS knowingly withheld or fabricated information in order to obtain judicial authority to search the PLAINTIFFS' home on March 6, 2018.

4

14. On or about March 6, 2018, DEFENDANT OFFICERS from Search Warrant 18SW5316 executed the search warrant in an unreasonable and violent manner, breaking down the door pointing weapons at the PLAINTIFFS and needlessly destroying personal property of the PLAINTIFFS.

15. The PLAINTIFFS also had a young puppy, Duce, who was present at the time the DEFENDANT OFFICERS from Search Warrant 18SW5316 executed the search warrant on March 6, 2018.

16. The puppy did not pose any threat to the DEFENDANT OFFICERS from Search Warrant 18SW5316, who placed the puppy into the bathroom without incident.

17. DEFENDANT OFFICERS from Search Warrant 18SW5316did not record their conduct during the execution of the search warrant 18SW5316 with body worn cameras.

18. DEFENDANT OFFICERS from Search Warrant 18SW5316 did not arrest anyone after executing the search warrant on March 6, 2018.

**April 25, 2018 – Search Warrant 18SW6390**

19. On April 24, 2018, the Cook County State's Attorneys' Office dismissed all criminal charges in case number 17CR16956 after a Cook County Judge found that DEFENDANT OFFICERS BRAUN, FONSECA, DEGRAZIA and LAIDLAW did not have probable cause to arrest PLAINTIFF, DONNIE TONEY on October 17, 2017.

20. DEFENDANT OFFICER ARMANDO UGARTE, STAR #15050, also the Affiant of the April 25, 2018 search warrant, along with DEFENDANT OFFICERS JEFFREY W. JONES, JR., STAR #4933; GARY M. ANDERSON, STAR #6369; PATRICK McDONOUGH, STAR #14416; ADRIAN VIVANCO, STAR #17269; WARREN D. JOHNSON, STAR #17442; HUMBERTO G. GUTIERREZ, STAR #9690 (collectively referred to as DEFENDANT

OFFICERS from Search Warrant 18SW6390) were part of a team in the narcotics division of the Chicago Police Department under the supervision of DEFENDANT SGT. ANGELO J. MONACO, STAR #1595.

21. The very next day, on April 25, 2018, DEFENDANT OFFICER ARMANDO UGARTE, STAR #15050 knowingly used false and unreliable information to obtain another search warrant, 18SW6390, for the basement apartment at 6748 S. Ridgeland Avenue.

22. DEFENDANT OFFICER ARMANDO UGARTE, STAR #15050 knowingly withheld or fabricated information in order to obtain judicial authority to search the PLAINTIFFS' home on April 25, 2018.

23. On April 25, 2018, moments after PLAINTIFF, DONNIE TONEY, left the basement apartment, DEFENDANT OFFICERS from Search Warrant 18SW6390 executed search warrant 18SW6390 in an unreasonable fashion, again breaking down the door and needlessly destroying personal property of the PLAINTIFFS.

24. During the execution of the search warrant, DEFENDANT OFFICERS from Search Warrant 18SW6390 shot PLAINTIFFS' puppy, Duce, multiple times.

25. One or more of the DEFENDANT OFFICERS from Search Warrant 18SW6390 first shot the puppy near the front door, then followed the injured dog into the kitchen. One or more of the DEFENDANT OFFICERS from Search Warrant 18SW6390 shot the helpless puppy again as the dog tried to hide under the kitchen table.

26. One or more of the DEFENDANT OFFICERS from Search Warrant 18SW6390 shot the puppy multiple times, despite the fact the young dog was not aggressive or a threat to anyone.

27. One or more of the DEFENDANT OFFICERS from Search Warrant 18SW6390 pointed their weapons at PLAINTIFF, SHANTAIL POLK and her minor daughter, D'NIYA TONEY, and questioned her while they watched their puppy die on the floor.

28. DEFENDANT OFFICERS from Search Warrant 18SW6390 did not record their conduct during the execution of search warrant 18SW6390 on any Body Worn cameras.

29. DEFENDANT OFFICERS from Search Warrant 18SW6390 did not arrest anyone following the execution of search warrant 18SW6390 on April 25, 2018.

30. On information and belief, the DEFENDANT OFFICERS from Search Warrant 18SW6390 raided the PLAINTIFFS' home and executed their puppy in retaliation for the dismissal of all the criminal charges against PLAINTIFF DONNIE TONEY the previous day.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention
*(Against Defendant Officers BRAUN, FONSECA, DEGRAZIA and LAIDLAW)*

31. PLAINTIFFS re-allege and incorporate the factual allegations in paragraphs 1-30 above.

32. As described above, on October 17, 2017 DEFENDANT OFFICERS BRAUN, FONSECA, DEGRAZIA and LAIDLAW unlawfully detained PLAINTIFF, DONNIE TONEY, without justification and without probable cause.

33. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the PLAINTIFF, DONNIE TONEY.

34. As a result of the above-described wrongful infringement of PLAINTIFF, DONNIE TONEY'S rights, PLAINTIFF DONNIE TONEY suffered damages, including, but not limited to, physical incarceration and severe emotional and mental distress and anguish.

7

## COUNT II
### Fourth Amendment Claim for Deprivation of Liberty
*(Against Defendant Officers BRAUN, FONSECA, DEGRAZIA and LAIDLAW)*

35. PLAINTIFFS re-allege and incorporate the factual allegations in paragraphs 1-30 above.

36. As a result of evidence fabricated by the DEFENDANT OFFICERS BRAUN, FONSECA, DEGRAZIA and LAIDLAW in connection with his arrest on October 17, 2017, PLAINTIFF, DONNIE TONEY, was deprived of his liberty until all criminal charges were dismissed on April 24, 2018.

37. But for the misconduct of the DEFENDANTS outlined above, the PLAINTIFF, DONNIE TONEY, would not have suffered a deprivation of his liberty.

38. The misconduct of the DEFENDANTS outlined above proximately caused injury to the PLAINTIFF, DONNIE TONEY, including, but not limited to prolonged incarceration, humiliation, embarrassment and severe emotional distress related to his incarceration and prosecution for false criminal charges fabricated by the Defendants.

## COUNT III
### Unlawful Search and Detention
*(Against Defendant Officers GALLAS; BRANDON; DOLAN; McCALLUM; ALMANZA; MITCHELL, JR.; DeLOPEZ; MAGANA; ZABLOCKI and SGT. CHUDZIK)*

39. PLAINTIFFS re-allege and incorporate the factual allegations in paragraphs 1-30 above.

40. As more fully described above, DEFENDANT OFFICERS ROBERT E. GALLAS; SEAN S. BRANDON, STAR #18866; JOHN P. DOLAN, STAR #7722; ROBERT J. McCALLUM, STAR #15180; EDUARDO ALMANZA, STAR #15464; VERNON MITCHELL, JR., STAR #15580; DANIEL DeLOPEZ, STAR #15612; DAVID S. MAGANA, STAR #7098;

EDMUND F. ZABLOCKI, STAR #7505 and SGT. WALTER T. CHUDZIK, STAR #2273 entered, detained and searched PLAINTIFFS, SHANTAIL POLK and DONNIE TONEY on March 6, 2018 without any legal justification, in violation of the Fourth Amendment to the United States' Constitution.

41. DEFENDANT OFFICERS' ROBERT E. GALLAS; SEAN S. BRANDON, STAR #18866; JOHN P. DOLAN, STAR #7722; ROBERT J. McCALLUM, STAR #15180; EDUARDO ALMANZA, STAR #15464; VERNON MITCHELL, JR., STAR #15580; DANIEL DeLOPEZ, STAR #15612; DAVID S. MAGANA, STAR #7098; EDMUND F. ZABLOCKI, STAR #7505 and SGT. WALTER T. CHUDZIK, STAR #2273 search of the PLAINTIFFS' home was violent, excessive and unreasonable in violation of the PLAINTIFFS' Fourth Amendment Right to the United States' Constitution.

42. As a direct and proximate result of the illegal search and detention of PLAINTIFFS and their home, PLAINTIFFS, SHANTAIL POLK and DONNIE TONEY have suffered damages including, but not limited, to property damage, property loss and physical and emotional distress.

## COUNT IV
### Unlawful Search and Detention
*(Against Defendant Officers UGARTE, JONES, JR.; ANDERSON; McDONOUGH; VIVANCO; JOHNSON; GUTIERREZ; and SGT. MONACO)*

43. PLAINTIFFS re-allege and incorporate the factual allegations in paragraphs 1-30 above.

44. As more fully described above, DEFENDANT OFFICERS ARMANDO UGARTE, STAR #15050; JEFFREY W. JONES, JR., STAR #4933; GARY M. ANDERSON, STAR #6369; PATRICK McDONOUGH, STAR #14416; ADRIAN VIVANCO, STAR #17269; WARREN D. JOHNSON, STAR #17442; HUMBERTO G. GUTIERREZ, STAR #9690 and

SGT. ANGELO J. MONACO, STAR #1595 entered, detained and searched PLAINTIFF, SHANTAIL POLK and her home on April 25, 2018 without any legal justification, in violation of the Fourth Amendment to the United States' Constitution.

45. DEFENDANTS OFFICERS' ARMANDO UGARTE, STAR #15050; JEFFREY W. JONES, JR., STAR #4933; GARY M. ANDERSON, STAR #6369; PATRICK McDONOUGH, STAR #14416; ADRIAN VIVANCO, STAR #17269; WARREN D. JOHNSON, STAR #17442; HUMBERTO G. GUTIERREZ, STAR #9690 and SGT. ANGELO J. MONACO, STAR #1595 search of PLAINTIFFS' home was violent, excessive and unreasonable in violation of PLAINTIFFS' Fourth Amendment Right to the United States' Constitution.

46. As a direct and proximate result of the illegal search and detention of PLAINTIFF, SHANTAIL POLK and her home, PLAINTIFF, SHANTAIL POLK has suffered damages including, but not limited, to property damage, property loss and emotional distress.

## COUNT V
## 42 U.S.C. § 1983: Fourth Amendment – Illegal Seizure
*(Against Defendant Officer UGARTE, JONES, JR.; ANDERSON; McDONOUGH; VIVANCO; JOHNSON; GUTIERREZ; and SGT. MONACO)*

47. PLAINTIFFS re-allege and incorporate the factual allegations in paragraphs 1-30 above.

48. The execution of PLAINTIFFS' puppy Duce, on April 26, 2018, constitutes a seizure and violated PLAINTIFFS' Fourth Amendment right to be free of unreasonable seizures.

49. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to PLAINTIFFS' constitutional rights.

50. As a result of the DEFENDANT OFFICERS' illegal seizure, PLAINTIFFS suffered injury, including emotional anguish, pain, suffering, and the loss of their puppy, Duce.

## COUNT VI
### 42 U.S.C. § 1983: Conspiracy

51. PLAINTIFFS re-allege and incorporate the factual allegations in paragraphs 1-30 above.

52. The individual Defendants, acting together and under color of law, reached an understanding and agreement, engaged in a course of conduct, and otherwise conspired among and between themselves to violate the PLAINTIFFS' constitutional rights by raiding the PLAINTIFFS' home in an unreasonable and violent manner on multiple occasions.

53. As a proximate result of the misconduct described herein and above, the PLAINTIFFS have suffered and will in the future continue to suffer injuries of a personal and pecuniary nature.

## COUNT VII
### *MONELL* CLAIM
*(Defendant City of Chicago)*

54. PLAINTIFFS re-allege and incorporate the factual allegations in paragraphs 1-30 above.

55. At all relevant times, DEFENDANT CITY OF CHICAGO, by and through its employees and agents of the Chicago Police Department, maintained official policies, customs and practices that facilitated and condoned the DEFENDANTS' misconduct outlined above, as well as the DEFENDANT OFFICERS' use of excessive force in pointing guns at the minor D'NIYA TONEY and needlessly shooting her puppy, Duce.

56. Before the illegal search of PLAINTIFFS' home and destruction of their personal property, including the death of their puppy, policy makers for the City of Chicago knew that the

Chicago Police Department's policies, customs and practices for search warrants in the homes of private citizens were inadequate and resulted in a systemic violation of citizens' constitutional rights.

57. The actions of DEFENDANT OFFICERS were done pursuant to one or more of the following *de facto* policies, practices and/or customs of the CITY that are so pervasive that they carry the force of law:

a) failing to make reasonable efforts to corroborate or properly investigate information provided by informants;

b) fabricating or concealing material information in order to obtain warrants;

c) exceeding judicial authority by executing every warrant as if it were a "no knock" warrant without providing residents a realistic opportunity to open the door and thereby needlessly destroying private property;

d) failing to record the execution of search warrants with body worn cameras in order to hold officers accountable and deter misconduct during the execution of search warrants;

e) failing to maintain or utilize a valid system to prevent repeat search warrants and raids at the same residence by different Chicago Police Department ("CPD") units which are used to harass, retaliate and/or abuse civilians, including the PLAINTIFFS;

f) failing to place official priority on avoiding unnecessary uses of force against young children, their adult relatives in the children's presence, or their pets. CPD's official use-of-force policy lacked any requirement or guidance for officers to avoid using unnecessary or excessive force against young children, their adult relatives in the children's presence or pets, when possible. CPD's search warrant policy and related policies failed to require officers seeking or executing residential search warrants to make reasonable efforts before obtaining and/or executing a warrant to determine, through investigation and surveillance, (a) whether children or pets reside in the residence; (b) to avoid entry and search at times when children are likely to be present; or (c) to de-escalate themselves or change tactics when they encounter young children or dogs in a residence.

g) failing to maintain and/or utilize a valid early warning system which would have identified DEFENDANT OFFICER ARMANDO UGARTE

12

         as an officer with repeated offenses alleged against him and led to the proper discipline, re-training, supervising or other intervention into his behavior, even though DEFENDANT CITY OF CHICAGO knew or should have known that its system did not work and/or was not proper and has paid out almost $5 million dollars in judgments and settlements in at least eight (8) federal lawsuits against DEFENDANT UGARTE for misconduct, including the use of deadly force (10cv5076).

h) Finally, the CITY has a *de facto* policy, practice and/or custom known as a "code of silence" within the Chicago Police Department. This code acknowledged by former Mayor Rahm Emanuel and current Mayor Lori Lightfoot's 2016 Task Force on Police Accountability, is an implicit understanding between and among members of the CPD resulting in a refusal or failure to report instances of misconduct of which they are aware, including the abuse of police powers to violate the constitutional rights of citizens despite their obligation to do so as sworn officers. This includes police officers who remain silent or give false or misleading information during official investigations into allegations of a fellow officer related to misconduct that occurred in order to protect themselves or their fellow officers from discipline, criminal prosecution or civil liability.

58. As a result of the deficient policies and procedures outlined above, Chicago police officers routinely execute search warrants at the homes of innocent civilians, needlessly destroying private property, including pets that pose no threat to the officers, pointing weapons at young children and thereby causing traumatic stress and anxiety to the occupants, such as the PLAINTIFFS.

59. The DEFENDANT CITY has been on notice of these deficient policies and procedures for years and paid out substantial verdicts and settlements from federal lawsuits regarding misconduct by officers in obtaining and/or executing search warrants. For example:

a) case number 06cv00696 regarding a search warrant executed at 2321 N. Harding in Chicago on April 15, 2005;

b) case number 09cv01958 regarding a search warrant executed at 9429 S. Loomis Street in Chicago on February 18, 2009;

13

      c)      case number 11cv-7171 regarding a search warrant executed at 6511 N. Nordica Avenue in Chicago on October 19, 2010;

      d)      case number 08cv4483 regarding a search warrant executed at 5748 West 64th Street in Chicago on August 7, 2007;

      e)      case number 17cv7391 regarding a search warrant executed at 7827 S. Honore Street in Chicago on October 17, 2015; and

      f)      case number 10cv0625 regarding the execution of a search warrant in Chicago, Illinois on February 27, 2009.

60. All of these lawsuits either settled or went to trial with verdicts for the plaintiffs and put the DEFENDANT CITY on notice regarding failed policies, practices and customs regarding the execution of search warrants. Despite the CITY's knowledge of the City's failed policies, practices and customs, the policymakers failed to take action to remedy these systemic problems.

61. The aforementioned *de facto* practices, policies, and customs of DEFENDANTS, individually and collectively, have been maintained and/or implemented with utter indifference by DEFENDANTS, and have encouraged and/or motivated DEFENDANT OFFICERS to commit the wrongful act against PLAINTIFFS outlined above including the unnecessary and excessive force of pointing weapons at minor D'NIYA TONEY and in killing PLAINTIFFS' puppy, and therefore acted as the direct and proximate causes and moving force behind the injuries sustained by PLAINTIFFS.

## COUNT VIII
## INDEMNIFICATION
*(Defendant City of Chicago)*

62. PLAINTIFFS re-allege and incorporate the factual allegations in paragraphs 1-30

14

above.

63. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

64. The DEFENDANT OFFICERS are or were employees of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

65. PLAINTIFFS SHANTAIL POLK, D'NIYA TONEY, a minor and DONNIE TONEY respectfully requests that the Court:

    a. Enter a judgment in her favor and against all DEFENDANTS;

    b. Award compensatory damages and costs against all DEFENDANTS;

    c. Award attorney's fees against all DEFENDANTS;

    d. Award punitive damages against all individual DEFENDANTS; and

    e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

66. PLAINTIFFS, SHANTAIL POLK, D'NIYA TONEY, a minor and DONNIE TONEY, demand a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

    Respectfully submitted,

    /s/ Jeffrey J. Neslund
    Attorney for Plaintiffs

JEFFREY J. NESLUND
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-1100