UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.1
Eastern Division

Shantail Polk, et al.
                Plaintiff,

v.                                        Case No.: 1:19−cv−03756
                                        Honorable Steven C. Seeger

Andrew Braun, et al.
                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, November 18, 2019:

      MINUTE entry before the Honorable Steven C. Seeger: On November 6, 2019, the parties filed a Stipulation to Dismiss that dismissed this case "without prejudice, to be automatically converted to dismissal with prejudice 75 days from entry of the Court's order, unless a party has moved to extend this date prior to the expiration of the 75 days." [Dckt. No. [38]] All parties appeared to have signed the stipulation of dismissal. As a result, the filing of the Stipulation to Dismiss resulted in the dismissal of the case under Rule 41(a)(1)(A)(ii). There was no need for the Court to do anything. Under the Rule, a plaintiff "may dismiss an action without a court order by filing... a stipulation of dismissal signed by all parties who have appeared." Id. (emphasis added). Unlike a motion filed under Rule 41(a)(2), which leads to dismissal "By Court Order," a stipulation of dismissal under Rule 41(a)(1)(A)(ii) is self−effectuating, without the need for the Court to do anything. See Fed. R. Civ. P. 41(a)(2) (emphasis in original). So, on November 7, 2019, this Court noted the dismissal of this case on the docket, given the filing of a notice of dismissal signed by all parties. [Dckt. No. [41]] In response, on November 8, 2019, and again on November 17, 2019, counsel for the City of Chicago sent an email to this Court's proposed order inbox, attaching a proposed order and asking for its entry by the Court. That email, in and of itself, was not the right protocol. A party that seeks a Court order must file a motion, not send a non−public email. Putting that aside, the email from counsel for the City of Chicago stated that the parties need a Court order after all: "in order to process payment for the settlement reached on this case, defendants need an order" setting forth the terms. The parties already achieved a dismissal "without a court order" under Rule 41(a)(1)(A)(ii), but now the parties apparently are asking (by email) for a dismissal by Court order under Rule 41(a)(2). Accordingly, if the parties want the Court to enter an order, they need to do three things. First, they need to file a motion asking the Court to vacate the Stipulation to Dismiss [Dckt. No. [38]] and this Court's minute entry dated November 7, 2019 [Dckt. No. [41]]. Second, they need to include in their motion a request for the entry of a dismissal order under Rule 41(a)(2). Finally, they need to resubmit the proposed order to this Court's proposed order inbox, after (1) deleting the signature block for the attorneys on a proposed Court order, because only the Court signs a Court order; and (2) invoking Rule 41(a)(2) expressly. The Court encourages the parties to read Rule 41 before submitting the proposed order. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.